USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ADAN MEDRANO-SANCHEZ,            :
                                 :
                      Plaintiff, :
                                 :          1:20-cv-04098-GHW
        -against-                :
                                 :          ORDER
ATTORNEY GENERAL WILLIAM BARR, in his :
official capacity of Attorney General of the United :
States, ACTING SECRETARY CHAD WOLF, in :
his official capacity of Acting Secretary of Homeland :
Security, DIRECTOR DIANE WITTE, in her :
official capacity of New Orleans Field Office :
Director, and DIRECTOR PAULO CORREIA, in :
his official Capacity of Newark Field Office :
Director,                        :
                                 :
                      Defendants.:
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      On May 29, 2020, Petitioner filed a petition for habeas corpus. Dkt No. 4. Because the petition asserts a "core" habeas claim, it is properly heard only in the petitioner's district of confinement. *See* Order to Show Cause, *Torres Martinez v. Decker*, No. 19 Civ. 8727 (GHW) (S.D.N.Y. Oct. 2, 2019), Dkt No. 7; *Benitez v. An Unknown Immigration Officer Employed by the Department of Homeland Security*, No. 19 Civ. 3153 (GHW) (S.D.N.Y. May 6, 2019), Dkt No. 7; *see also Arriaga Reyes v. Decker*, No. 20 Civ. 2737 (PAE) (S.D.N.Y. Apr. 2, 2020), Dkt No. 4, at 3 (collecting cases). Petitioner is currently detained in the Etowah County Detention Center in Gadsen, Alabama, Dkt No. 4 ¶ 5, which is located in the judicial district of the United States District Court for the Northern District of Alabama, Middle Division. *See* 28 U.S.C. § 81. For the reasons set forth in the Court's prior orders in *Torres Martinez* and *Benitez* and in accord with the weight of authority in this District, the Court holds *sua sponte* that it lacks jurisdiction over Petitioner's core habeas claims.

The Court is sympathetic to Petitioner's counsel's argument that it will be unable to represent him effectively if this case is transferred to Alabama. But even if true that Petitioner will be forced to proceed *pro se* if this case is transferred, that fact would not allow the Court to exercise subject-matter jurisdiction over this case. The Court notes that Petitioner's counsel may wish to consult the Northern District of Alabama rules regarding motions to appear *pro hac vice*. *See* Northern District of Alabama Local Rule 83.1(b).

Petitioner also acknowledges that "jurisdiction and venue rest[s] in the judicial district in which" a prisoner is held. Dkt. No. 4 ¶ 25. That is a correct statement of law. But Petitioner argues that this rule burdens his "right of access to the courts" in violation of the First and Fifth Amendments. *Id.* ¶ 33. That is not an argument for why the Court has jurisdiction. Indeed, Petitioner admits that he understood when he filed the petition that the Court did not have jurisdiction over this case. That strongly suggests that Petitioner knew that the Court did not have jurisdiction over this case but chose to file it anyway. The Court reminds counsel for Petitioner that they can be sanctioned for raising frivolous arguments. *See, e.g.*, *Schottenstein v. Schottenstein*, 230 F.R.D. 355, 361 (S.D.N.Y. 2005). If Petitioner wishes to raise a habeas challenge to his confinement, he must do so in Alabama, in accord with clearly established Supreme Court precedent.

The Clerk of Court is directed to transfer this case to the Northern District of Alabama forthwith and without delay. The Clerk of Court is further directed to terminate all pending motions, adjourn all remaining dates, and to close this case. The Court waives the seven-day period provided in Local Civil Rule 83.1 to effectuate a transfer to a different district.

SO ORDERED.

Dated: June 3, 2020

_____
GREGORY H. WOODS
United States District Judge